## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| AMANDA SIMMONS, | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| v. | |
| HARMAN-KIM, INC. (d.b.a. KENTUCKY FRIED CHICKEN/TACO BELL); SHAWN JONES; and DOES 1-10; | **Case No. 2:06cv834** |
| | **District Judge Ted Stewart** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Amanda Simmons's ("Plaintiff") motion for leave to file a second amended complaint[2] and Plaintiff's motion to compel discovery.[3] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 49.

[2] *See* docket no. 41.

[3] *See* docket no. 54.

**DISCUSSION**

Plaintiff filed this Title VII action against Harman-Kim, Inc. ("Defendant") asserting that her supervisor, Shawn Jones ("Mr. Jones"), subjected her to a hostile work environment. Plaintiff claims that she was wrongfully terminated in July 2003 from Kentucky Fried Chicken ("KFC") for failing to show up for work after she had complained about the alleged sexual harassment.  Plaintiff asserts that she was unable to show up for a scheduled shift because of Defendant's failure to prevent the hostile work environment.

On December 12, 2007, Plaintiff deposed Mark Hatch ("Mr. Hatch"), Area Consultant for Harman Management Corporation ("HMC").  According to Defendant, HMC is a corporation that provides accounting, payroll, employee benefits services, and other consulting and training services to individual KFC restaurant corporations, including Defendant.  Plaintiff contends that during Mr. Hatch's deposition, she first learned that Mr. Jones worked at four other KFC restaurants and that these other restaurants, HMC, and Defendant were engaged in an integrated enterprise such that all are subject to Title VII liability in this action.

**A.  Motion for Leave to Amend Complaint**

Plaintiff seeks to add five additional parties to this action: Harman-Hechtle Corporation; Harman-Provo Parkway, Inc.; KFC Cedar City; KFC/A&W St. George (collectively, the "KFC Restaurants"); and HMC.  Plaintiff contends that Defendant has refused to provide any personnel documents for Mr. Jones from the KFC Restaurants.  In the memorandum in support of her motion, Plaintiff states that she "has determined she must amend her complaint to name newly identified [d]efendants . . . for the sole purpose of having access to Mr. Jones'[s] personnel

documents from [the KFC Restaurants] in which he worked." Plaintiff also states, however, that Defendant, HMC, and the KFC Restaurants constitute an integrated enterprise such that all are subject to Title VII liability in this action.

Under rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a complaint shall be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). In general, a court may refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotations and citation omitted).

Defendant contends that allowing the complaint to be amended at this juncture would (1) cause undue delay, (2) cause undue prejudice to Defendant, and (3) be futile because Plaintiff failed to exhaust her administrative remedies as to HMC and the KFC Restaurants. Defendant further contends that Plaintiff could have simply subpoenaed the employment records from the KFC Restaurants pursuant to rule 45 of the Federal Rules of Civil Procedure rather than taking the extreme measure of adding HMC and the KFC Restaurants as parties. *See* Fed. R. Civ. P. 45. The court will address each of Defendant's arguments against amending the complaint.

**1. Undue Delay**

In this circuit, untimeliness alone is a sufficient reason to deny leave to amend a complaint. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993). In determining whether the delay was undue, courts consider both the length of the delay and the reason for its occurrence. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205-06 (10th Cir. 2006).

3

Defendant has not demonstrated that Plaintiff has been dilatory in seeking leave to amend the complaint such that the delay is undue. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on April 9, 2004. The EEOC did not provide Plaintiff with a notice of right to sue until June 30, 2006. Plaintiff filed her original complaint in this court on October 2, 2006. The deadline for joining additional parties and for amending the pleadings was May 10, 2007, and the original discovery cutoff date was December 14, 2007. The parties stipulated to extending the discovery deadline to January 14, 2008. Plaintiff took the deposition of Mr. Hatch on December 12, 2008. The parties again stipulated to extending the discovery deadline to February 9, 2008. On February 8, 2008, Plaintiff filed the instant motion for leave to amend the complaint.

While Plaintiff filed her motion approximately nine months after the deadline for amending pleadings and adding parties had passed, Plaintiff had a sufficient reason for the delay. At Mr. Hatch's deposition, Plaintiff discovered that Mr. Jones had worked at the KFC Restaurants prior to his employment with Defendant and that HMC was highly involved in Defendant's operations. Thus, newly discovered evidence came to Plaintiff's attention warranting her motion for leave to amend after the established deadline. Accordingly, the court concludes that Plaintiff's motion for leave to amend her complaint cannot be denied on the grounds of undue delay.

### 2. Undue Prejudice

The court concludes that Defendant has not established that it has or will suffer undue prejudice if Plaintiff is permitted to amend her complaint. "Courts typically find prejudice only

when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Id.* at 1208 (quotations and citation omitted). This generally happens "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Here, Plaintiff is not alleging new facts in her proposed amended complaint. Plaintiff is merely seeking to add new parties to her lawsuit under an integrated enterprise theory. While the court is sympathetic to Defendant's concerns, Plaintiff's proposed amendment will not unfairly prejudice Defendant. Accordingly, the court concludes that Plaintiff's motion for leave to amend her complaint cannot be denied on the grounds of undue prejudice to Defendant.

### 3. Futility

Defendant contends that allowing Plaintiff to amend her complaint would be futile in that Plaintiff has failed to exhaust her administrative remedies as to HMC and the KFC Restaurants and the time for doing so has passed. Defendant further argues that Plaintiff's state law claims are also futile in that they are barred by the four-year statute of limitations. *See* Utah Code Ann. § 78-12-25(3). The Tenth Circuit has held that a "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001). Accordingly, Plaintiff's motion is governed by the motion to dismiss standard pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6).

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *Id.* On a rule 12(b)(6) motion, the court examines the sufficiency

of the complaint, accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *See Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). "The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). "'Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1965). "[T]he complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 127 S.Ct. at 1974). Additionally, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plaintiff has set forth five causes of action in her proposed amended complaint. Specifically, the first cause of action is for sexual harassment/hostile work environment in violation of Title VII against Defendant and HMC only. The second cause of action is for retaliation in violation of Title VII against Defendant and HMC only. The third cause of action is for constructive discharge in violation of Title VII against Defendant and HMC only. The fourth cause of action is for state law claims of negligent hiring, supervision, and retention against Defendant, HMC, and the KFC Restaurants. Finally, the fifth cause of action is for a state law claim of intentional infliction of emotional distress against Defendant and HMC only. Accordingly, while the state law claims apply to Defendant, HMC, and the KFC Restaurants

(except for the emotional distress claim), the Title VII claims apply to Defendant and HMC only. As such, the court will consider separately whether allowing Plaintiff to amend her complaint to add either HMC or the KFC Restaurants would be futile.

### a. HMC

In general, "a plaintiff must file a charge against a party with the EEOC before she can sue that party under Title VII." *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999); *see* 42 U.S.C. § 2000e-5(f)(1).  "Nevertheless, a Title VII action may proceed against a defendant not named in the EEOC charge when 'there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge.'" *Knowlton*, 189 F.3d at 1185 (quoting *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991)).

Courts generally apply a four-factor test to ascertain whether an identity of interest exists. *See id.*

> The factors are: (1) whether the role of the unnamed party could have been ascertained at the time of the filing of the EEOC complaint through reasonable effort by the complainant; (2) whether the interests of a named party are so similar to the unnamed party's that it would be unnecessary to include the unnamed party in the EEOC proceedings for the purpose of obtaining voluntary conciliation and compliance; (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 1185 n.9.  At this point, there is not enough evidence before the court to determine whether Plaintiff could satisfy these factors.  Nor has Plaintiff specifically addressed the above factors to

aid the court in determining whether an identity of interest exists between HMC and Defendant.[4] As discussed below, because Plaintiff has alleged in the complaint that HMC and Defendant constitute an integrated enterprise, it may be unnecessary to determine whether an identity of interests exists between HMC and Defendant.

"When a court has already determined that the entities are so entwined as to justify holding the parent corporation liable for the subsidiary's actions, it would be anomalous to not also conclude that the parent had sufficient identity of interest to have been notified of the suit." *Id.* at 1185. Thus, should Plaintiff be able to demonstrate that Defendant and HMC constitute an integrated enterprise, it would be unnecessary for the court to determine whether an identity of interests exists. *See id.* (holding that the identity of interest analysis is "unnecessary in a case [where] the unnamed parties constitute a single[]employer"). Accordingly, the court will now address whether there are "plausible grounds" to believe that Plaintiff could demonstrate, after discovery, that HMC and Defendant are engaged in an integrated enterprise such that allowing her to amend her complaint would not be futile. *Twombly*, 127 S.Ct. 1955, 1965 (2007).

In order to establish a prima facie case under Title VII, Plaintiff must be able to prove, among other things, that Defendant and HMC were her employers. *See Frank*, 3 F.3d at 1361. While there is no dispute that Defendant was Plaintiff's employer, it has yet to be determined whether HMC could be considered Plaintiff's employer for purposes of Title VII liability.

---

[4] Because none of the Title VII claims apply to the KFC Restaurants in Plaintiff's proposed amended complaint, it is unnecessary for the court to determine whether there is an identity of interests among all three entities.

Courts generally employ one of the three following tests to determine whether a plaintiff has demonstrated an employee-employer relationship for purposes of Title VII: (1) the common law agency inquiry; (2) the common law-economic realities method; and (3) the single employer, integrated enterprise, or true economic realities test (the "integrated enterprise test").  *See Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1069 (10th Cir. 1998).  While the Tenth Circuit has yet to definitively adopt one of the three tests, it has applied the integrated enterprise test in several cases.  *See id.* at 1070; *Frank*, 3 F.3d at 1362; *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991).  The Tenth Circuit has also noted that "[t]he trend in Title VII cases appears to be in favor of adopting [the integrated enterprise] test." *Lockard*, 162 F.3d at 1070.  Furthermore, Plaintiff is seeking to add HMC under an integrated enterprise theory of liability.  Accordingly, this court will apply the integrated enterprise test to determine whether Plaintiff has sufficiently alleged that HMC is Plaintiff's employer under Title VII.

The Tenth Circuit has set forth "four factors in considering whether two nominally separate entities constitute an integrated enterprise or a single employer: (1) interrelations of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control." *Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1322 (10th Cir. 2004) (quotations and citation omitted).  "For purposes of finding shared liability, [the Tenth Circuit] 'generally consider[s] the third factor–centralized control of labor relations–to be the most important.'" *Id.* (quoting *Bristol v. Bd. of County Comm'rs of the County of Clear Creek*, 312 F.3d 1213, 1220 (10th Cir. 2002) (en banc)).

9

In this matter, Plaintiff alleges the following in her complaint to support her claim that HMC, the KFC Restaurants, and Defendant[5] should be considered an integrated enterprise or single employer for purposes of liability under Title VII: (1) HMC and its officers own shares in and/or have ownership interest in Defendant and the KFC Restaurants; (2) HMC promulgated a workplace sexual harassment policy that in theory applied to Defendant and the KFC Restaurants; (3) HMC trained employees of Defendant and the KFC Restaurants as well as had supervisory control over the managers/co-managers of Defendant and the KFC Restaurants; (4) HMC handles employment records, payroll processing, accounts payable, and employee complaints for Defendant and the KFC Restaurants; (5) HMC, Defendant, and at least two of the KFC Restaurants have the same registered agent listed with the Division of Corporations for the State of Utah; (6) Defendant has an insurance policy, which provides Defendant's representation in this matter; and (7) Defendant's attorneys represented Mr. Hatch at his deposition, never once asserting that Mr. Hatch was a nonparty witness.

Applying the above factors to the instant case, the court concludes that Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. In other words, the court cannot say definitively that Plaintiff, after discovery, would not be able to demonstrate that HMC and Defendant were engaged in an integrated enterprise for purposes of Title VII liability. Plaintiff has sufficiently alleged that the operations of HMC and Defendant are interrelated as HMC provides accounting, payroll, employee benefits services, and

---

[5] Again, because Plaintiff has not alleged that the KFC Restaurants have violated Title VII, the court will not consider whether all three entities constitute an integrated enterprise.

other consulting and training services to Defendant.  *See Sandoval*, 388 F.3d at 1322.  At this

point it is unclear whether there is common management or whether there is centralized control

of labor relations.  *See id.*  Plaintiff has alleged that HMC has supervisory control over the

managers of Defendant.  *See id.*  In addition, Plaintiff has sufficiently alleged that there is some

common ownership and financial control between HMC and Defendant.  *See id.*

Considering all four factors together in conjunction with the standard for granting leave

to amend, the court cannot say that allowing Plaintiff to amend her complaint to add HMC as a

defendant would be futile.  Accordingly, the court **GRANTS** Plaintiff's motion for leave to

amend her complaint to add HMC as a defendant.

### b.  The KFC Restaurants

Plaintiff's only cause of action against the KFC Restaurants is a state law claim for

negligent hiring, supervision, and retention.  The court agrees with Defendant that Plaintiff could

have simply subpoenaed the employment records from the KFC Restaurants.  Plaintiff's stated

"sole purpose" for seeking leave to amend her complaint is so that she may gain access to the

personnel files of Mr. Jones from the KFC Restaurants.  The court concludes that allowing

Plaintiff to amend her complaint to add the KFC Restaurants solely for this purpose would be

inappropriate.

Furthermore, the court concludes that allowing Plaintiff to amend her complaint to add

the KFC Restaurants would be futile.  While Plaintiff contends that Defendant, the KFC

Restaurants, and HMC are engaged in an integrated enterprise such that all are liable under Title

VII, Plaintiff has not alleged that the KFC Restaurants have violated Title VII.  Plaintiff's sole

11

state law claim against the KFC Restaurants would be subject to dismissal in that Plaintiff would be unable to demonstrate that the KFC Restaurants were negligent.

"To recover for negligence, a plaintiff must show that the defendant owed the plaintiff a duty, the defendant breached the duty, the breach was a proximate cause of the plaintiff's injuries, and there was in fact injury." *Jackson v. Righter*, 891 P.2d 1387, 1392 (Utah 1995). "In the context of a claim for negligent supervision or retention, a duty may arise when an employer could reasonably be expected, consistent with the practical realities of an employer-employee relationship, to appreciate the threat to a plaintiff of its employee's actions and to act to minimize or protect against that threat." *Id.* In the instant case, it does not appear as though Plaintiff can demonstrate that the KFC Restaurants owed her a duty, that they breached that duty, or that the alleged breach was the proximate cause of her injuries. While the KFC Restaurants employed Mr. Jones prior to his employment with Defendant, the KFC Restaurants did not employ Plaintiff. Any alleged injury that Plaintiff suffered by Mr. Jones or Defendant does not appear to have been the result of action or inaction by the KFC Restaurants. For these reasons, Plaintiff has not demonstrated that the KFC Restaurants could be held liable for negligence in this case.

Based on the foregoing, the court concludes that Plaintiff's claim against the KFC Restaurants would be "subject to dismissal," *Beckel*, 242 F.3d at 1239-40, and, as such, adding the KFC Restaurants as defendants would be futile. Accordingly, the court **DENIES** Plaintiff's motion for leave to amend her complaint to add the KFC Restaurants as defendants.

**B.  Motion to Compel**

On May 16, 2007, Defendant served its Initial Disclosures on Plaintiff.  On May 22, 2007, Plaintiff served her First Set of Requests for Production of Documents and First Set of Interrogatories on Defendant.  On July 9, 2007, Plaintiff received Defendant's Objections and Responses to Plaintiff's First Set of Requests for Production of Documents and Objections and Responses to Plaintiff's First Set of Interrogatories.  On September 20, 2007, Defendant served its Supplemental Objections and Responses to Plaintiff's First Set of Requests for Production of Documents and its Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories.

Defendant further supplemented its responses to Plaintiff's First Set of Requests for Production of Documents by correspondence dated January 7, 2008.  Defendant received Plaintiff's Supplemental Responses to her First Set of Interrogatories on January 8, 2008.  Defendant received Plaintiff's Second Set of Requests for Production of Documents from Plaintiff on January 17, 2008.  Plaintiff filed her motion to compel discovery on February 8, 2008.  On February 19, 2008, Defendant further supplemented its responses to Plaintiff's First Set of Requests for Production of Documents.

According to Plaintiff, counsel for both parties met and conferred by either the exchange of voice mails, email, or written correspondence numerous times between June 6, 2007, and January 17, 2008, in an attempt to resolve various disputes arising out of Defendant's objections to the discovery requests.  Counsel failed to resolve all disputes relating to:  (1) the production of Mr. Jones's personnel files (document request no. 2); (2) the production of all witness statements

taken by either Jacob Baker ("Mr. Baker") or Mr. Jones with regards to Plaintiff's complaints of

sexual harassment (document request no. 9); (3) the production of a complete copy of

Defendant's insurance policy (interrogatory no. 24 and document request no. 12); (4) the identity

of individuals who had advisory or other involvement with Defendant's restaurant from January

2003 to the present (interrogatory no. 11); (5) the identity of all employees who worked with Mr.

Jones (interrogatory no. 14); (6) the identity of all managerial employees who worked with and

had supervisory control over Mr. Jones (interrogatory no. 16); (7) the identity of employees who

ceased active employment with Defendant's restaurant between January 2003 and December

2005 (interrogatory no. 17); and (8) the identity of persons with ownership interest in Defendant

(interrogatory No. 25).

As a result of these disputed items, Plaintiff filed the instant motion.  The court will

address each disputed item in turn.

### 1.  Personnel files of Mr. Jones

Plaintiff contends that Defendant failed to produce all of the personnel documents for Mr.

Jones.  Specifically, Plaintiff asserts that Defendant produced only the personnel file from

Defendant's restaurant where Mr. Jones and Plaintiff both worked but failed to produce the

documents from the KFC Restaurants where Mr. Jones worked prior to his employment with

Defendant.  Defendant contends that because the personnel files from the KFC Restaurants are

not within the possession, custody, or control of Defendant, Defendant is not required to produce

them.  The court agrees.

14

A party need only produce documents that are in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  Plaintiff has failed to demonstrate the Defendant has possession, custody, or control over Mr. Jones's personnel files from the KFC Restaurants.  Mr. Hatch testified in his deposition that each time a new employee is hired by a KFC restaurant corporation, a new employee file would be created and that employee files are kept and managed at the restaurant corporation of employment.

While Plaintiff alleges that Defendant, HMC, and the KFC Restaurants are engaged in an integrated enterprise such that Mr. Jones's records are in the possession, custody, or control of Defendant, Plaintiff has not demonstrated that the three entities should be treated as a single employer.  Plaintiff has failed to demonstrate how Defendant and the KFC Restaurants are connected such that Defendant could be presumed to have possession, custody, or control over the employee files of the KFC Restaurants.  Accordingly, Plaintiff's motion with respect to Mr. Jones's personnel files from the KFC Restaurants is **DENIED**, and Defendant is not required to produce these documents.  The court notes that Plaintiff may still subpoena those documents from the KFC Restaurants pursuant to rule 45 of the Federal Rules of Civil Procedure.

### 2.  Witness statements

Plaintiff asserts that Defendant failed to produce all of the witness statements taken by either Mr. Baker or Mr. Jones.  Defendant contends that it did produce all requested statements and that it has no other statements.  In reply, Plaintiff argues that Jake Simmons ("Mr. Simmons") testified in his deposition that he provided a statement to either Mr. Baker or Mr. Jones but that Defendant has failed to produce Mr. Simmons's statement.  Plaintiff contends that

Defendant should be compelled to produce this statement and any others not previously

produced. The court agrees.

Accordingly, Plaintiff's motion with respect to the witness statements is **GRANTED**.

Defendant is ordered to produce the witness statement of Mr. Simmons and any others that have

not been produced. If Defendant is unable to locate Mr. Simmons's statement, Defendant shall

provide an affidavit to Plaintiff detailing the efforts made to locate Mr. Simmons's statement, as

well as any other possible statements.

### 3. Insurance policy

Plaintiff contends that Defendant has failed to produce a complete copy of its insurance

policy as requested in interrogatory no. 24 and document request no. 12. Defendant asserts that

the entire insurance policy is not relevant to this matter. Defendant states that it has already

informed Plaintiff that it maintains employment liability insurance through Fireman's Fund

Insurance Company with a policy limit of one million dollars and has produced the relevant

portions of the policy. Defendant further explains that as part of HMC's consulting services,

HMC negotiates on behalf of the restaurant corporations to secure insurance coverage at a

discounted rate. As a result, HMC is identified as the named insured on the declarations page of

the policy with each of the restaurants for whom HMC obtains this coverage scheduled on

endorsements attached to the policy. Defendant concludes that this schedule constitutes

essentially an HMC customer list and is not relevant to Plaintiff's claims.

In response, Plaintiff asserts that the entire insurance policy is relevant to show who the

policy holders are as well as which KFC entities are covered by the policy. Plaintiff also asserts

16

that the entire policy is relevant because Defendant's counsel represented past KFC managers who are no longer employed by Defendant.

The court concludes that the entire insurance policy is not relevant to Plaintiff's case. Defendant has already produced the policy as it relates to Defendant.  It is undisputed that the alleged harassing conduct took place solely at Defendant's restaurant.  Identifying all of the policy holders under the policy is not relevant to Plaintiff's claims against Defendant. Accordingly, Plaintiff's motion is **DENIED** with respect to Defendant's insurance policy.

### 4.  Identification of individuals who had advisory involvement with Defendant

Plaintiff requested that Defendant identify all managers, comanagers, or supervisory employees or any individuals who had supervisory, advisory, or other involvement with Defendant's restaurant from January 2003 to the present.  Plaintiff contends that while Defendant provided the names of individuals who were managers, it failed to completely identify them as requested in Plaintiff's interrogatory.  Plaintiff further contends that Defendant failed to identify any other individuals who had advisory or other involvement with Defendant from 2003 to the present.  Specifically, Plaintiff asserts that Defendant failed to identify Mr. Hatch, James P. Beglin ("Mr. Beglin"), and Bruce Garner ("Mr. Garner") or any other individuals from HMC who may have processed Defendant's payroll, workman's compensation claims, or unemployment claims.

In response, Defendant asserts that it has complied with Plaintiff's interrogatory in that it provided the names of the managers and comanagers of Defendant's restaurant during the relevant time period.  Defendant contends that Mr. Hatch, Mr. Beglin, and Mr. Garner were all

17

employees of HMC, not of Defendant and that Plaintiff's request specifically sought

identification of supervisory employees.  Defendant further asserts that the request for

individuals from the time Plaintiff was employed by Defendant until four-and-a-half years later

is irrelevant, unreasonable, and not calculated to lead to admissible evidence.  Plaintiff replies by

stating that the list provided contains inaccurate information and does not provide all of the

information requested, such as known telephone numbers, gender, job title, occupation, and

employer.

The court concludes that Defendant has failed to provide all of the requested information.

Plaintiff's interrogatory specifically requested the identity of "any and all managers,

co-managers, or supervisory employees *or any individuals who had any supervisory, advisory,*

*or other involvement* with [Defendant's restaurant] from January, 2003 to the present time."[6]

Thus, Plaintiff's interrogatory requested the identity of individuals who had involvement with

Defendant's restaurant–supervisory, advisory, or otherwise.  This would necessarily include

those individuals who provided consulting services to Defendant as employees of HMC.

Furthermore, the court concludes that the list provided to Plaintiff is incomplete.  The list only

identifies the individual's name, address, hire date, and termination date.  It does not provide a

telephone number, gender, job title, or present occupation.  The court, however, agrees with

Defendant that the time period requested by Plaintiff is overbroad.

Accordingly, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART** with

respect to individuals with supervisory, advisory, or other involvement with Defendant's

---

[6] *See* docket no. 40-4, p. 7 (emphasis added).

restaurant.  Specifically, Defendant shall provide the name, last known address, last known telephone number, gender, job title, and present occupation (if known) of all individuals who had any supervisory, advisory, or other involvement with Defendant's restaurant from January 2003 to January 2005.

### 5.  Identity of all employees who worked with Mr. Jones

Plaintiff contends that Defendant failed to fully identify all employees who worked with Mr. Jones.  Again, Plaintiff asserts that Defendant did not provide all of the information requested, including known telephone numbers, gender, job title, occupation, and employer.  The court agrees.  Accordingly, Plaintiff's motion is **GRANTED** with respect to all employees who worked with Mr. Jones at Defendant's restaurant.  Defendant shall provide complete answers to Plaintiff's interrogatory, including the name, last known address, last known telephone number, gender, job title, and present occupation (if known) of all employees who worked with Mr. Jones at Defendant's restaurant.

### 6.  Identity of all managerial employees who had supervisory control over Mr. Jones

Plaintiff contends that Defendant failed to fully identify all managerial employees who worked with Mr. Jones and had supervisory control over him, including name, last known address, last known telephone number, gender, job title, and present occupation (if known).  Plaintiff further contends that Defendant's response was inadequate as it did not include the names of Mr. Hatch, Mr. Beglin, or Mr. Garner.  Defendant responds by arguing that this interrogatory specifically requested the identification of Defendant's employees, not those of HMC or any other entity.  The court agrees with Defendant.

19

Plaintiff's interrogatory specifically requests that Defendant "[i]dentify any and all managerial *employees* that worked with and had supervisory control over [Mr.] Jones during his employment at [Defendant's restaurant]."[7]  Plaintiff did not request that Defendant identify anyone other than Defendant's employees.  Defendant identified Mr. Baker and Aaron Windsor because they are employees of Defendant.  Thus, Defendant sufficiently responded to Plaintiff's interrogatory.  Accordingly, Plaintiff's motion is **DENIED** with respect to managerial employees.

### 7.  Identity of employees who ceased active employment with Defendant between January 2003 and December 2005

Plaintiff argues that Defendant failed to identify all employees who ceased active employment at Defendant's restaurant from January 2003 through December 2005.  Defendant contends that the time period requested is irrelevant, unnecessary, and not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, Defendant states that Plaintiff was only employed by Defendant from February 2003 to July 2003, and Mr. Jones terminated his employment in October 2003.  Thus, Defendant concludes, any information regarding third parties for more than a year after either Plaintiff or Mr. Jones terminated their employment should not be produced.  Furthermore, Defendant contends that it did provide the information from the time period of 2001 through January 2004.

The court concludes that the identity of the employees who ceased working for Defendant from January 2003 to January 2005 is relevant and likely to lead to admissible

---

[7] *See* docket no. 40-4, p. 8 (emphasis added).

evidence.  Accordingly, Plaintiff's motion is **GRANTED** with respect to these employees.

Defendant is ordered to produce all of the requested information.

### 8.  Identity of individuals with ownership interests in Defendant

Plaintiff asserts that Defendant failed to identify individuals with ownership interests in

Defendant.  In response, on March 10, 2008, Defendant produced a list of shareholders from

January 2003 to the present.  Plaintiff contends that the list is not complete in that Defendant

failed to include the last known telephone number, position, employment, or dates related to

when each individual became a shareholder.

It does not appear that either party produced a copy of the list of shareholders for the

court's review.  To the extent that Defendant failed to produce a complete list of shareholders,

including the last known telephone number, position, and employment, Defendant is ordered to

provide that information to Plaintiff.  Plaintiff's interrogatory, however, did not request dates

related to when each individual became a shareholder.  As such, Defendant is not required to

produce this information.  Accordingly, Plaintiff's motion is **GRANTED IN PART AND**

**DENIED IN PART** with respect to the identity of individuals with ownership interest in

Defendant.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**:

(A)  Plaintiff's motion for leave to amend the complaint[8] is **GRANTED IN PART AND DENIED IN PART**.  More specifically, Plaintiff's motion for leave to amend her complaint is **GRANTED** as to HMC and **DENIED** as to the KFC Restaurants.  Within 10 days of the date of this order, Plaintiff shall file an amended complaint.

(B) Plaintiff's motion to compel[9] is **GRANTED IN PART AND DENIED IN PART** as detailed above.

**IT IS SO ORDERED.**

DATED this 25th day of June, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 41.

[9] *See* docket no. 54.