IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMANDA SIMMONS<br><br>    Plaintiff,<br><br><br><br>        vs.<br><br><br><br>HARMAN MANAGEMENT<br>CORPORATION, HARMAN-KIM, INC.<br>(d.b.a. KENTUCKY FRIED<br>CHICKEN/TACO BELL), SHAWN JONES<br>AND DOES 1-10<br><br>        Defendant. | MEMORANDUM DECISION AND<br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS<br><br><br><br><br>Case No. 2:06-CV-00834 |

This matter is before the court on Defendant Harman-Kim's Motion to Dismiss Plaintiff's

Second Amended Complaint ("Defendant's Motion").

## I.  INTRODUCTION

Defendant argues that Plaintiff's complaint should be dismissed for failure to state a

claim upon which relief can be granted.  Defendant argues that relief cannot be granted because

Plaintiff failed to timely file her Charge of Discrimination with the Equal Employment

Opportunity Commission ("EEOC").  Plaintiff had 300 days from the last date of alleged

discrimination to file her charge; Defendant claims that it was not filed until the 304th day.

Plaintiff alleges that she was subjected to both physical and sexual harassment while she was employed by Defendant.  Plaintiff further alleges that this harassment peaked on July 11, 2003.  On the following day, July 12, 2003,  Plaintiff was unable to attend work as a result of the harassment and was subsequently terminated.

On April 9, 2004, the EEOC received an EEOC Intake Questionnaire (EEOC Form 283) filled out by Plaintiff, a two-page statement written by the Plaintiff outlining the factual basis for the allegations, a list of potential witnesses, and a letter of representation of counsel.

On April 26, 2004, the EEOC sent a letter to Ms. Simmons indicating that a Charge of Discrimination was inclosed which must be returned signed to the EEOC.  The letter also indicated that in order for the charge to be timely it must be filed within 300 days from the last date of alleged discrimination.  Plaintiff signed this letter on May 5, 2004, and the EEOC received the letter on May 11, 2004.

On May 14, 2004, the EEOC sent notices to Defendant and the Utah Antidiscrimination and Labor Division ("UALD").  The letter sent to UALD indicated that Plaintiff had timely filed her charge with the EEOC on April 9, 2004.

## II.  STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Fed.R.Civ.Pro. Rule 12(b)(6) the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."[1]  "The Federal Rules of Civil Procedure erect a

---

[1]*Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

powerful presumption against rejecting pleadings for failure to state a claim.'"[2]

III.  DISCUSSION

Defendant's Motion is denied because Plaintiff's April 9, 2004 filing can reasonably be construed as a charge under *Federal Express Corp. v. Holowecki*, 128 S. Ct. 1147 (2008), thereby meeting the timing requirement of 42 U.S.C. §2000e-5(e)(1).  A charge must be filed within 300 days of the last alleged unlawful employment practice.  However, what constitutes a charge has been expanded beyond the strict technical requirements to include any filing that can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights . . . ."[3]  This expansion has occurred in accordance with the Congressional intent to protect employees' rights and statutory remedies.

A. *Holowecki*

*Holowecki* examined a claim under the Age Discrimination in Employment Act or ADEA.[4]  The issue in that case was whether the plaintiff had filed her charge with the EEOC at least 60 days prior to filing suit, as required under 29 U.S.C. §626(d).  The plaintiff had originally sent Form 283, an intake questionnaire, which contained all of the information

---

[2]*Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986).

[3]*Holowecki*, 128 S. Ct. at 1157-58.

[4]Plaintiff's action in this case is a Title VII action.  The Supreme Court noted that while there are similarities between the enforcement mechanisms between Title VII and ADEA claims, parties "must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination."  *Holowecki*, 128 S. Ct. at 1153.  However, the parties here, following the lead of numerous courts, have not closely examined any possible differences.

3

required by 29 CFR §1626.8.[5]  The plaintiff also included a detailed six-page affidavit that outlined the alleged discrimination.[6]  The affidavit included a request that the agency "[p]lease force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment created with their application of *Best Practice/High-Velocity Culture Change*."[7]  The Court held that this filing was sufficient to constitute a charge because, from the standpoint of an objective observer, it could be construed as a request for the agency to activate its remedial process.[8]

The Court also noted that there may be some cases where the Intake Questionnaire alone would be sufficient to constitute a charge.  "[W]here the indicated discrimination is so clear or pervasive that the agency could infer from the allegations themselves that action is requested and required."[9]

The Court also outlined the general policy principles which Congress intended courts to use when determining whether a filing should constitute a charge.  "Documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies. Construing ambiguities against the drafter may be the more efficient rule to encourage precise expression in other

---

[5]*Holowecki*, 128 S. Ct. at 1159.

[6]  *Id.*

[7]*Id.* at 1159-60.

[8]*Id.* at 1159-60.

[9]*Id.* at 1159.

contexts; here, however, the rule would undermine the remedial scheme Congress adopted."[10]

Subsequent district court and circuit court cases have focused heavily on this guideline in

determining whether a filing constitutes a charge.[11]

       B.  Specific Requirements for a Charge Under Title VII

       To determine whether Plaintiff's filing can be considered a charge, we first look to the

specific requirements under Title VII.  EEOC regulations state that a charge under Title VII

should contain:

> (1) The full name, address and telephone number of the person making the charge except as provided in § 1601.7;
> (2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);
> (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See § 1601.15(b);
> (4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and
> (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

29 CFR §1601.12(a).

       The regulations further state that "[a] charge shall be in writing and signed and shall be

---

[10]*Id.* at 1160.

[11]*See, e.g.*, *Fava-Crockett v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 08-cv-0196, 2008 WL 1925099 (W.D. Pa. April 29, 2008); *Broxterman v. Falley's Inc.*, No. 07-2439-JWL, 2008 WL 2038917 (D. Kan. May 12, 2008); *Fall v. MNP Corp.*, No. 07-10480, 2008 WL 1882669 (E.D. Mich. April 24, 2008); *Grigsby v. Pratt & Whitney Amercon, Inc.*, No. 1:CV-07-0785, 2008 WL 2156355 (M.D. Pa. May 21, 2008).

verified."[12]  EEOC regulations provide that this verification requirement can be later cured by

amending the charge.[13]  Such an amendment will relate back to the date that the charge was first

received.[14]  Supreme Court precedent also supports this relation back doctrine.  In *Edelman v.*

*Lynchburg College*, the court held that a filing need not be affirmed under oath at the time it is

filed to be construed as a charge; it merely needs to be affirmed before the employer is required

to respond to the allegations.[15]

C.  Plaintiff's Filing

Plaintiff's filing with the EEOC on April 9, 2004, when taken as a whole, can reasonably

be construed to be a request for agency action and therefore a charge.  Plaintiff's intake

questionnaire contained all of the information required by 29 CFR §1601.12(a).  Plaintiff's case

is also likely an instance where the indicated harassment "is so clear or pervasive that the agency

could infer from the allegations themselves that action is requested and required."[16]  The

harassment alleged by Plaintiff in this case is much clearer than that in *Holowecki.*  Holowecki

claimed that Federal Express' policies which determined compensation and continued

employment based upon the attainment of certain performance benchmarks were actually veiled

attempts to force older workers out of the workforce before they were entitled to retirement

---

[12]29 CFR §1601.9.

[13]29 CFR §1601.12 ("A charge may be amended to cure technical defects or omissions, including failure to verify the charge . . . .").

[14]*Id.*

[15]535 U.S. 106, 112-13 (2002).

[16]*Holowecki*, 128 S. Ct. at 1159.

benefits.  In this case the allegations are more straightforward: Plaintiff alleges that she was subject to sexual harassment in the form of touching and invitations to her manager's house for sex, which ultimately resulted in her feeling compelled to not report for work for which she was subsequently terminated.  The alleged harassment in this case is of such a nature that it is reasonable to construe it as a request for agency action.

Plaintiff, however, does not need to merely rely upon the intake questionnaire to be reasonably construed as a charge.  Plaintiff also submitted a two-page summary of her allegations, which detailed the conduct that had taken place, a list of potential witnesses, and a letter of representation of counsel.  From these additional filings, it is reasonable to conclude that Plaintiff was not merely making an educational request about whether Plaintiff may have a potential claim; rather Plaintiff was providing this information so the EEOC could take remedial action to protect her rights.

This construction of Plaintiff's filing becomes more reasonable considering the Supreme Court's guideline to construe the filing in a way which protects the employees rights. "Documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies."[17]  Construed in this light Plaintiff's April 9, 2004 filing could reasonably be construed as a Charge of Discrimination.

Defendant presents two primary arguments against construing Plaintiff's filing as a charge.  First, that Plaintiff's intake questionnaire was not properly verified.  Second that neither

---

[17]*Id.* at 1160.

the EEOC or Defendant treated the intake questionnaire as a charge of discrimination.

In arguing that the intake questionnaire should not be considered a charge, Defendant places much emphasis on the fact that none of the items filed on April 9, 2004 were notarized, signed under penalty of perjury, or otherwise verified.  In support of this argument Defendant cites to *Clark v. VF Jeansware Ltd. Partnership*.[18]  *Clark* held that the plaintiff's intake questionnaire was not a charge because it failed to meet the formal requirements that a charge be verified in any manner or sworn to under penalty of perjury.[19]

*Clark*, however, ignores both the policy behind *Holowecki* and the relation back doctrine contained in 29 CFR §1601.12 and upheld by the Supreme Court in *Edelman*.  To constitute a charge, the filing need not be affirmed at the time of filing; it merely needs to be affirmed before the employer is required to respond to the allegations.[20]  The Supreme Court has recognized the EEOC construction, which allows charges to be verified at a later date that will relate back to the original filing of the information, as "unassailable."[21]  As such it is not necessary that Plaintiff verified her original filing on April 9, 2004.  Under the relation back doctrine, the charge signed and verified under penalty of perjury by Plaintiff and received by the EEOC on May 14, 2004, relates back to Plaintiff's original filing on April 9, 2004.

Defendant also argues that because the EEOC did not treat her April 9, 2004 filing as a

---

[18]No. 06-2559-JWL, 2008 WL 920598 (D. Kan. Apr. 3, 2008)

[19]2008 WL 920598, at *3.

[20]*Edelman*, 535 U.S. at 112-13.

[21]*Id.* at 118.

8

charge it should not be construed by this Court as a charge.  It bases this argument upon the

following facts.  The EEOC sent a letter to Plaintiff on April 26, 2004, indicated that a Charge of

Discrimination was enclosed and that it must be returned to the EEOC within 30 days from the

date of the letter.  It also indicated that in order for the charge to be timely it must be filed

"within 300 days from the last date of alleged discrimination."  Furthermore, the EEOC did not

assign a charge number when they received the April 9, 2004 filing and did not serve notice upon

Defendant within ten days from that date as required by 42 U.S.C. §2000e-5.  Instead the agency

did not assign a charge number or serve the defendants until after they received the formal

Charge of Discrimination on May 11, 2004.

Although the EEOC may not have initially treated the April 9, 2004 filing as a charge, it

is not determinative of whether the filing can, when taken as a whole, reasonably be construed as

a request for agency action.  The Supreme Court in *Holowecki* summarily rejected this exact

argument as "too artificial a reading of the statute to accept."[22]  Such a holding would condition

the definition of a charge on something which the charging party has no control of.  *Holowecki*

further asserts that it is not determinative whether the filer or the agency treated the initial filing

as a charge.[23]  The only issue is "whether the [original filing] should be interpreted as a request

for the agency to act.  Postfiling conduct does not nullify an earlier, proper charge."[24]

Furthermore, the EEOC's failure to fulfill the statutory requirements of notice to Defendants

---

[22]128 S. Ct. at 1159.

[23]*Id.* at 1158.

[24]*Id.* at 1160.

9

within ten days of receiving the charge does not preclude Plaintiff's claim.[25]

The EEOC also later recognized that the April 9, 2004 filing did constitute a charge.  On May 14, 1008 the EEOC sent a form to the UALD indicating that the EEOC received Plaintiff's charge on April 9, 2004.  Because this Court finds that the April 9, 2004 should be, and can be, reasonably interpreted as a request for agency action the failure of the EEOC to initially treat it as such is irrelevant.

IV.  CONCLUSION

Because Plaintiff's April 9, 2004 filing with the EEOC can reasonably be construed as a request for agency action, it is a Charge of Discrimination under *Holowecki*.  As such, Plaintiff meets the timing requirements of 42 U.S.C. §2000e-5(e)(1) by filing the charge with the EEOC within 300 days of the last alleged unlawful employment practice.  Because Plaintiff met these timing requirements she properly exhausted her administrative remedies.  Defendant Harman-Kim's Motion to Dismiss Plaintiff's Second Amended Complaint is DENIED.

DATED   November 7, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

_____

[25]See *Edelman v. Lynchburg College*, 300 F.3d 400, 404-405 (2nd Cir. 2002) (holding that "a simple failure by the EEOC to fulfill its statutory duties regarding the charge does not preclude a plaintiff's Title VII claim").